DAVID P. STRAUSS (SBN 96874)
ds@dstrausslaw.com
**LAW OFFICE OF DAVID P. STRAUSS**
185 West F Street, Suite 430
San Diego, CA 92101
Telephone: (619) 237-5300
Facsimile: (619) 237-5311

CYNTHIA A. FREELAND (SBN 180276)
cindy@schorfreeland.com
**SCHOR & FREELAND LLP**
600 B Street, Suite 2200
San Diego, CA 92101
Telephone: (619) 906-2400
Facsimile: (619) 906-2401

Attorneys for Plaintiffs
ANGELA GONZALES,
LINDA BOYD, AND BRANDEE COLOMBO

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA GONZALES, an individual, LINDA BOYD, an individual, and BRANDEE COLOMBO, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> ORGANOGENESIS, INC., a Delaware Corporation; and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO.: **'15CV1530 CAB NLS** <br><br> COMPLAINT FOR DAMAGES <br><br> 1. EMPLOYMENT DISCRIMINATION [Govt. Code §12940(a)]; <br><br> 2. SEXUAL HARASSMENT [Govt. Code §12940(j)(1)]; <br><br> 3. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; <br><br> 4. RETALIATION [Gov. Code §12940(h)]; <br><br> 5. FAILURE TO PREVENT DISCRIMINATION [Govt. Code §12940(k)] <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT FOR DAMAGES

Plaintiffs allege:

## ALLEGATIONS REGARDING JURISDICTION AND VENUE
## PARTIES

1. At all relevant times mentioned herein, plaintiff ANGELA GONZALES (hereinafter "Gonzales") was an individual residing in the State of California.

2. At all relevant times mentioned herein, plaintiff LINDA BOYD (hereinafter "Boyd") was an individual residing in the State of California.

3. At all relevant times mentioned herein, plaintiff BRANDEE COLOMBO (hereinafter "Colombo") was an individual residing in the State of California.

4. At all relevant times mentioned herein, Defendant ORGANOGENESIS, INC. ("Organogenesis" or "Defendant") was a Delaware corporation, doing business in the State of California, at 10933 North Torrey Pines Road, La Jolla, California 92037. At all relevant times Organogenesis has been an employer subject to suit under the California Fair Employment and Housing Act ("FEHA").

5. The true names and capacities of Does 1 through 50 are unknown to Plaintiffs. Plaintiffs will seek leave to amend this complaint to insert their names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that each such fictitiously named Defendant is liable to Plaintiffs for the acts, events and occurrences alleged herein as a result of said Defendant's relationship to the remaining Defendants, or by participation in said acts, events, and occurrences.

6. Plaintiffs are informed and believe and thereon allege that except when otherwise alleged, each of the defendants herein mentioned was the agent, employee, or representative of the remaining defendants and was acting within the course, scope, and authority of said relationship.

COMPLAINT FOR DAMAGES

7.   The wrongful acts and omissions alleged to have occurred herein were performed by managing agents, servants, and employees of Defendants, or were ratified by their managing agents, servants, and employees.

## VENUE AND JURISDICTION

8.   Jurisdiction in this Court is proper under 28 U.S.C. §1332(a) in that plaintiffs each are residents of the State of California and defendants are out of state residents, and the amount in controversy exceeds $75,000.  Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.   Plaintiff Gonzales was hired on or about April 2005 by Organogenesis as a Tissue Regeneration Specialist.  She worked continuously from on or about April 2005 until she was terminated on or about December 16, 2013.

10.   Plaintiff Boyd was hired on or about January 2007 by Organogenesis as a Tissue Regeneration Specialist.  She worked continuously from on or about January 2007 until she was terminated on or about December 31, 2013.  On December 31, 2013 Boyd was over 40 years old.

11.   Plaintiff Colombo was hired on or about May 2011 by Organogenesis as a Tissue Regeneration Specialist.  She worked continuously from on or about May 2011 until she was terminated on or about December 31, 2013.

12.   In or about early 2013 Defendant hired Oscar Ferrer as its Southwest Manager.  Each plaintiff then reported to Ferrer.  Ferrer began to mistreat and/or harass each plaintiff due to their gender and/or – in the case of Boyd – her age.  His gender based comments also were derogatory to African-Americans and Latinos.

13.   Ferrer also hired three new male specialists.  Ferrer discussed cutting and then began cutting female specialist's territories and reassigning those severed portions to new and/or existing and/or younger male tissue regeneration specialists.

Ferrer indicated that replacing female specialists with males would better serve the "old boy" networks in key accounts.

14. Ferrer began demanding from the female plaintiffs information about past and any future planned pregnancies.

15. Ferrer made statements indicating that women were inferior to men, that Hispanic women like Gonzales were inferior, and that instead, his being Filipino gave him an advantage in accessing accounts where other Filipinos worked.

16. Ferrer made statements that he needed to terminate female employees before they had additional babies.

17. Ferrer placed plaintiffs on performance improvement plans regardless of any need for them and/or guidelines by defendants determining when they should be administered. Similarly situated males were not placed on performance improvement plans. After placing plaintiffs on performance review plans, Ferrer did little to assist plaintiffs in meeting their goals.

18. Ferrer made decisions to negatively impact Boyd's commissions earned.

19. Ferrer made stereotypical comments that women were not as intelligent as men and that women speaking in certain ways conveyed an inappropriate nurturing and unprofessional "motherly" message.

20. Ferrer made comments indicating that team work meant Ferrer would sleep with a female RN in order for Defendant to secure her employer's business.

21. Ferrer described females in such inappropriate language as "cranky, withered woman in her late 50's."

22. Despite the plaintiffs communicating to Ferrer that his remarks were inappropriate and or unwelcome, Ferrer's comments continued unabated.

23. In or about August 9, 2013 plaintiff Gonzales complained to Defendant about Ferrer's sexually harassing and discriminatory treatment females in the

COMPLAINT FOR DAMAGES

workplace. Gonzales identified to Defendant that Boyd and Colombo were corroborating witnesses and/or victims.

24. Defendant failed to properly investigate her complaints of employment discrimination.

25. Phyllis Howard, Human Resources Manager, followed up with Gonzales on or about August 17, 2013, indicating that although she had not interviewed Boyd or Colombo, Defendant's conclusion was that it was a "he said, she said," and therefore the only consequence of her complaint would be that Ferrer would apologize for causing Gonzales to misperceive the meaning or import of his inculpable comments, attitudes, and behavior. When Gonzales expressed to Howard amazement that Howard had not reached out to Boyd or Colombo for corroboration of her claims, Howard criticized her for trying to make her complaint a "big deal."

26. Shortly thereafter, Director of Commercial Operations for the West, Stan Austin, and CEO Geoff MacKay each contacted plaintiff Gonzales to advise her that her complaints were unwelcome and that if she continued to press them there would be negative consequences visited upon her employment. For the first time ever she was told that she was now the subject of two unidentified complaints. Gonzales was advised to either back off, quit, or expect that Defendant would "lawyer up."

27. After communicating her complaints of discrimination to Phyllis Howard in August, plaintiff Colombo was ignored and not recontacted.

28. After communicating her complaints of discrimination to Phyllis Howard in August, plaintiff Boyd was ignored and not recontacted.

29. During a September 2013 conference call, Ferrer apologized for any inappropriate comments or conduct which he may have said or engaged in, without acknowledging his responsibility for them.

30. In November 2013, Ferrer demanded that plaintiff Colombo, given that she had complained about him previously, advise him if she felt Ferrer on that day had said anything to her that made her feel uncomfortable.

31. On or about early December 2013, Defendant announced the lay offs of Boyd and Colombo, as well as one male specialist. Gonzales was terminated for a pretextual reason a few days later. As of December 31, 2013, only one female remained employed under Ferrer as a specialist. A short time later, the one laid off male employee was rehired and allowed to work the Las Vegas, Nevada territory although he lived in Phoenix, Arizona.

32. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and continue to suffer, damages, including but not limited to, lost wages and benefits, advancement opportunities, all in an amount to be proven at trial.

33. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and continue to suffer, psychological and emotional injury, mental distress and shock, humiliation, chagrin, worry, and oppression of a lasting nature.

34. The exact amount of Plaintiffs' damages is unknown at this time, but is within the jurisdiction of this district Court.

35. Defendants' conduct as described above was despicable, made with the intent to vex, harass, annoy, and injure Plaintiffs, and was carried out with willful and conscious disregard for Plaintiffs' rights. Defendants, their agents and employees, and each of them, were aware of the probable dangerous consequences of their conduct and willfully and deliberately failed to avoid those consequences. Defendants' conduct constituted malice, oppression, or fraud such that Plaintiffs are entitled to punitive damages under California Civil Code section 3294 in an amount to punish Defendants or to set an example.

36. Plaintiffs have each filed a complaint with the California Department of Fair Employment and Housing and have received a "right to sue" letter.

37. Pursuant to Government Code section 12965, Plaintiffs are entitled to attorneys' fees and costs.

## FIRST CAUSE OF ACTION

### Violation of Cal. Gov. Code §12940(a) – Against Organogenesis

38. Plaintiffs allege and incorporate all preceding paragraphs.

39. As described more fully herein above, Organogenesis violated California Government Code §12940(a) by subjecting Plaintiffs to unlawful sexual and/or gender discrimination and/or in the case of Boyd, age discrimination, by discharging Plaintiffs from employment and/or discriminating against Plaintiffs in the terms, conditions, or privileges of employment.

40. As a direct and proximate result of Defendants' conduct, Plaintiffs have incurred general and special damages, the full extent of which are uncertain at this time, but which are within the jurisdiction of this court.

## SECOND CAUSE OF ACTION

### Violation of Cal. Gov. Code §12940(j)(1)– Against All Defendants

41. Plaintiffs allege and incorporate all preceding paragraphs.

42. As described more fully herein above, Defendants, and each of them, violated California Government Code §12940(j)(1) by subjecting Plaintiffs to unlawful sexual harassment.

43. As a direct and proximate result of Defendants' conduct, Plaintiffs have incurred general and special damages, the full extent of which are uncertain at this time, but which are within the jurisdiction of this court.

## THIRD CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy Against Organogenesis

44. Plaintiffs allege and incorporate all preceding paragraphs except paragraphs 36 and 37.

45. The above-described conduct by Defendants, and each of them, was against the public policy of the State of California as evidenced by California Constitution Section 8, and the enactment of the Fair Employment and Housing Act (Government Code 12900, *et seq.*).

46. By terminating Plaintiffs' employment and retaliating against Plaintiffs because they exercised their rights under FEHA, Defendants, and each of them, terminated Plaintiffs in violation of public policy.

## FOURTH CAUSE OF ACTION

### Violation of Cal. Gov. Code §12940(h) – Against Organogenesis

47. Plaintiffs reallege and incorporate all preceding paragraphs.

48. Government Code §12940(h) makes it unlawful for any employer to discharge or otherwise discriminate against a person in material terms and conditions of employment because that person has opposed discrimination and/or harassment in the workplace.

49. As a direct and proximate result of Plaintiffs' complaints, Defendants retaliated against them by terminating their employment.

50. As the direct and proximate result of Defendants' conduct, Plaintiffs have incurred general and special damages, the full extent of which are uncertain at this time, but which are within the jurisdiction of this court.

## FIFTH CAUSE OF ACTION

### Violation of Government Code §12940(k)

### Failure to Prevent Discrimination Against Organogenesis

51. Plaintiffs reallege and incorporate all preceding paragraphs.

52. Government Code section 12940(k) makes it unlawful for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Retaliation is a form of discrimination actionable under

- 8 -

COMPLAINT FOR DAMAGES

this section of the Government Code. (*Taylor v. City of Los Angeles Dept. of Water & Power* (2006) 144 Cal.App.4th 1216, 1240.)

53. In perpetrating the above-described conduct, the corporate Defendants engaged in a pattern, practice and policy, and custom of unlawful sexual discrimination and/or harassment and/or retaliation. Said conduct on the part of the corporate Defendants constituted a policy, practice, tradition, custom, and usage which denied Plaintiffs protection under section 12940(k). Said conduct includes, but is not limited to, the following:

(a) With respect to sexual discrimination and/or harassment, the corporate Defendants had no policy or a policy that was ineffective;

(b) With respect to the training of management as to its responsibilities and sensitivities, the corporate Defendants had no training, or training that was inadequate and ineffective;

(c) The corporate Defendants failed to implement whatever policies, practices, and procedures were in existence at all or in an effective manner;

(d) The corporate Defendants failed to adequately monitor the existence of retaliation against those who complained to the company about discrimination and/or harassment;

(e) The corporate Defendants failed to properly remediate Plaintiffs' complaints of sexual discrimination and/or harassment by, among other things, failing to properly investigate and/or by terminating Plaintiffs' employment.

54. At all relevant time periods there existed within the organization of the corporate Defendants a pattern and practice of conduct by their personnel, including Ferrer, Mackay, Austin and/or other management personnel, which resulted in the sexual discrimination and/or harassment of and/or retaliation against Plaintiffs.

55. At all relevant time periods, the corporate Defendants failed to make an adequate response, or any response, to the aforesaid pattern and practice, and thereby

established a policy, custom, practice, or usage within the organization of the corporate Defendants which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in the sexual discrimination and/or harassment of and/or retaliation against Plaintiffs.

56. During all relevant time periods, the corporate Defendants failed to provide any or adequate training, education, and information to their personnel, and most particularly to management and supervisory personnel, with regard to policy and procedures regarding sexual discrimination, harassment and/or retaliation.

57. The corporate Defendants knew or reasonably should have known that the failure to provide any or adequate education, training, and information as to their personnel policies and practices regarding sexual discrimination, harassment and/or retaliation would result in sexual discrimination, harassment and/or retaliation against female employees including, but not limited to, Plaintiffs.

58. By the acts or failures to act of policy-making personnel within the organization of the corporate Defendants, the corporate Defendants were deliberately indifferent to the need to provide any or adequate training, education, and information to the personnel of the corporate Defendants as to policies regarding discrimination, harassment and/or retaliation.

59. The failure of the corporate Defendants to provide any or adequate policies and practices regarding discrimination, harassment and/or retaliation constituted deliberate indifference to the rights of female employees, including, but not limited to, Plaintiffs under Government Code section 12940(k).

60. The conduct set forth herein, including the failure to establish and/or enforce any or an adequate policy and procedure on sexual discrimination, harassment, investigation of complaints of sexual harassment, and/or appropriate remediation thereof, established in the organization of the corporate Defendants a policy and custom of ordering, ignoring, encouraging, approving, causing, tolerating,

sanctioning, and/or acquiescing in the violation by personnel of the corporate Defendants (including management) of the rights of female employees, including, but not limited to, Plaintiffs under Government Code section 12940(k).

WHEREFORE, Plaintiffs Gonzales, Boyd, and Colombo pray for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive and exemplary damages;
4. For attorneys' fees as authorized by Government Code §12965 and all other applicable statutes;
5. For costs of suit herein incurred;
6. For interest as permitted by law; and
7. For such other and further relief as the Court deems just and proper.

/ / /
/ / /
/ / /

**DEMAND FOR JURY TRIAL**

Plaintiffs request a jury trial in this matter.

Dated: July 10, 2015

Respectfully submitted,
THE LAW OFFICE OF DAVID P. STRAUSS


By:    s/David P. Strauss
DAVID P. STRAUSS

Attorney for Plaintiffs
ANGELA GONZALES, LINDA BOYD, and BRANDEE COLOMBO
E-mail:  ds@dstrausslaw.com

Dated: July 10, 2015

Respectfully submitted,
SCHOR & FREELAND LLP


By:    s/Cynthia A. Freeland
CYNTHIA A. FREELAND

Attorney for Plaintiffs
ANGELA GONZALES, LINDA BOYD, and BRANDEE COLOMBO,
E-mail:  cindy@schorfreeland.com

- 12 -

COMPLAINT FOR DAMAGES